**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

APRIL BENSON                                                                                                    PLAINTIFF

v.                                              4:16CV00451-BRW-JJV

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration,                                                               DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Billy Roy Wilson.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, April Benson, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income.  Both parties have submitted briefs and the case is ready for a decision.  After carefully considering the record as a whole, for the following reasons, I find the decision of the Commissioner is supported by substantial evidence.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts

1

from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Plaintiff was twenty-eight years old at the time of the hearing.  (Tr. 33.)  She testified she had an eleventh grade education.  (Tr. 34.)  She has past work as a restaurant worker and school laborer.  (Tr. 165.)

Plaintiff alleges she is disabled due to back problems, lupus, and anxiety.  (Tr. 164, 210.) The Administrative Law Judge (ALJ) found Ms. Benson had not engaged in substantial gainful activity since March 1, 2013.[1]  (Tr. 17.)  At step two, the ALJ concluded that Plaintiff had no "impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments."  (Tr. 17.) Accordingly, the ALJ concluded Plaintiff was not disabled.  (Tr. 22.)

In support of her Complaint, Plaintiff argues the ALJ incorrectly concluded his analysis at step two and determined she did not have any "severe" impairments.  (Pl.'s Br. 5-9.)  She argues, "The ALJ's failure to find any impairment severe is harmful error, as it prevented the ALJ from proceeding with the rest of the required sequential evaluation.  (*Id.* at 5.)

Plaintiff has the burden of proving her impairment is "severe."  *See Nguyen v. Chater*, 75 F.3d 429, 431 (8th Cir. 1995).  To prove a severe impairment, a claimant must show she is significantly limited in her ability to do basic work activities.  *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992).  It has "more than a minimal effect on the claimant's ability to work."  *Hudson v. Bowen*, 870 F.2d 1392, 1396 (8th Cir. 1989).

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

A claimant's impairments are not severe when:

(a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
(b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include –
(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
(2) Capacities for seeing, hearing, and speaking;
(3) Understanding, carrying out, and remembering simple instructions;
(4) Use of judgment;
(5) Responding appropriately to supervision, co-workers and usual work situations; and
(6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921.

The determination at step two is based solely on the medical evidence. *Riley v. Shalala*, 849 F.Supp. 679, 681 (E.D. Ark. 1993), aff'd, 18 F.3d 619 (8th Cir. 1994). Aside from the reports from Columbus Brown, IV, M.D., Plaintiff's treatment records do not support her allegation that she is significantly limited in her ability to perform work-related activities. (Tr. 307-350, 375.) Although Plaintiff disagrees, I find the ALJ properly determined that Dr. Brown's conclusions were not supported by his own treatment notes. (Tr. 20-21.) Dr. Brown reports Plaintiff is *extremely* limited in her ability to function (Tr. 354, 383), but his examination of Plaintiff reveals nothing to support these extreme limitations. (Tr. 355-356.)

And while Plaintiff disagrees, the ALJ could rightly rely on the findings of Jerry Thomas, M.D. (Tr. 60-62), Kay Cogbill, M.D. (62-63), and Jay Rankin, M.D. (Tr. 292-305), who all found nothing that would support an allegation of significant limitation in her ability to perform basic work-related activities. I recognize they only reviewed the medical records and did not actually examine Plaintiff. Yet, there is no reason to discount these opinions and their review of Plaintiff's medical records is consistent with the treatment records.

Plaintiff surely feels that the ALJ's "step-two" decision is harsh. But the Supreme Court has recognized that this severity regulation increases efficiency by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found disabled even if their age, education and work experience were taken into account. *Bowen v. Yuckert*, 482

U.S. 137, 153 (1987).

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). Plaintiff is extremely young and appears to be capable of working. It is worth noting that she reported she stopped working because "[she] was not getting enough hours to justify the gas money [she] spent to get there." (Tr. 164.)

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 18th day of January, 2017.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE